**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Joshua Todd WOOLRIDGE,
Defendant–Appellant.**

No. 14–1666.

United States Court of Appeals,
Eighth Circuit.

Submitted: July 22, 2014.

Filed: July 25, 2014.

Larry C. Pace, Asst. Fed. Public Defender, Kansas City, MO (Stephen C. Moss, Acting Fed. Public Defender, on the brief), for appellant.

Joshua Todd Woolridge, Greenville, IL, pro se.

Teresa A. Moore, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

PER CURIAM.

Joshua Woolridge appeals after he pleaded guilty to failing to register as a sex offender and the District Court[1] sentenced him to thirty months in prison, a term within the calculated Guidelines range. His counsel has moved to withdraw and has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing, in essence, that Woolridge's prison term is substantively unreasonable. In a pro se supplemental brief, Woolridge claims that he has received ineffective assistance of counsel.

Upon careful review, we conclude that Woolridge's prison term is not substantively unreasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (describing appellate review of sentencing decisions and noting that if a sentence is within the Guidelines range, a court of appeals may apply a presumption of reasonableness). Further, we decline to consider Woolridge's ineffective-assistance claims and related asser-

---

**1.** The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

tions on direct appeal. *See United States v. Jennings,* 662 F.3d 988, 991–92 (8th Cir.2011) (deferring possible ineffective-assistance claims to a 28 U.S.C. § 2255 proceeding). Finally, having reviewed the record in accordance with *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the District Court, and we grant counsel's motion to withdraw subject to counsel informing Woolridge about procedures for seeking rehearing or filing a petition for certiorari.